*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* L. CARTER, Minor.

UNPUBLISHED
June 11, 2026
10:57 AM

No. 377409
Kent Circuit Court
Family Division
LC No. 25-050783-NA

Before: O'BRIEN, P.J., and FEENEY and WALLACE, JJ.

FEENEY, J. *(concurring).*

I concur with the majority but write separately to emphasize that although it may appear to be form over substance to find error because a "box" was not "checked" on a neglect petition, the rule is clear and unavoidable: the "request for . . . termination of parental rights at the initial disposition must be specifically stated" in the "petition" so that the respondent is aware of precisely what they are facing at adjudication. MCR 3.961(B)(6); MCR 3.977(E)(1).

"Parents have a significant interest in the companionship, care, custody, and management of their children, and the interest is an element of liberty protected by due process." *In re JK*, 468 Mich 202, 210; 661 NW2d 216 (2003). "At its core, due process requires the opportunity to be heard at a meaningful time and in a meaningful manner." *In re BGP*, 320 Mich App 338, 343; 906 NW2d 228 (2017) (quotation marks and citation omitted). "In most circumstances, . . . DHHS has an affirmative duty to make reasonable efforts to achieve reunification before a court may terminate parental rights," and "only in rare circumstances provided by statute" may a court "hold a combined adjudicative and dispositional hearing in which parental rights may be terminated at the initial dispositional hearing." *In re Barber/Espinoza*, ___ Mich ___, ___; ___ NW3d ___(2025) (Docket No. 167745); slip op at 3. Those circumstances include when "[t]here is a judicial determination that the parent has subjected the child to aggravated circumstances as provided in [MCL 722.638(1) and (2)]." *In re Berryman/Hurd/Morgan/Morgan-Hurd*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket Nos. 374775, 374776); slip op at 4, citing MCL 712A.19a(2)(a) (alterations in original).

In this case, an aggravated circumstance—i.e., respondent-mother's prior terminations—existed that justified forgoing reasonable efforts and terminating respondent-mother's parental rights at the initial disposition; however, paragraph 8(d) of the petition did not specifically state that DHHS was requesting termination at the initial disposition and did not cite the applicable statute.[1]  See MCL 712A.19b(3)(*i*).  Moreover, although respondent-mother's attorney or substitute attorney likely informed her that the trial court was going to consider terminating her rights at the initial dispositional hearing, and the CPS investigator verbally requested termination when testifying at the emergency removal hearing, such notice fails to satisfy MCR 3.961(B)(6) or MCR 3.977(E)(1).  Indeed, the May 19, 2025 order after preliminary hearing mentioned nothing about moving to termination and instead ordered that respondent-mother receive reasonable efforts to preserve and reunify the family (box 17a), including supervised parenting time.[2]

Clearly, respondent-mother had the right to know in writing what she was facing at the initial disposition; placing the "recommendation" for termination at the end of the attachment to paragraph 7 but not marking box 8(d) of the petition was insufficient to satisfy the notice requirements of  MCR 3.961(B)(6) and MCR 3.977(E)(1).  Because the petition failed to specifically request termination *at the initial disposition*, in violation of MCR 3.961(B)(6) and MCR 3.977(E)(1), termination was plainly erroneous.

/s/ Kathleen A. Feeney

---

[1] The "specific allegations" referenced in paragraph 7 of the petition regarding respondent-mother set forth paragraphs A through J, and after that, the "recommendations" section contained five recommendations, including the termination of respondent-mother's parental rights "per MCLA (3)(b)(i)" [sic].  This unfortunately fails to satisfy MCR 3.961(B)(6) and MCR 3.977(E)(1).

[2] Under MCR 3.977(D), "If a petition to terminate parental rights to a child is filed, the court may suspend parenting time for a parent who is a subject of the petition."